**LAWRENCE CAPITOL, Inc.**

v.

**STANLEY–WARNER CORPORATION, Stanley-Warner Circuit Management Corporation, Massachusetts Amusement Corporation, Warner Bros. Pictures Distributing Corporation, Warner Bros. Pictures, Inc., T. C. F. Film Corporation, Twentieth Century-Fox Film Corporation, Loew's Incorporated, Paramount Film Distributing Corporation, Paramount Pictures, Inc., R K O Radio Pictures, Inc., Columbia Pictures Corporation, Universal Film Exchanges, Inc., United Artists Corporation, Republic Pictures Corporation.**

Civ. A. No. 55–332.

United States District Court
D. Massachusetts.

July 1, 1957.

Jean C. Campopiano, Lawrence, Mass., and Russell Hardy, Sr., Washington, D. C., for plaintiff, Lawrence Capitol, Inc.

Robert W. Meserve, John R. Hally, and Nutter, McClennen & Fish, Boston, Mass., for defendants, Twentieth Century-Fox Film Corp., Paramount Film Dist. Corp., Republic Pictures Corp., Columbia Pictures Corp., United Artists Corp., Loew's, Inc., RKO Radio Pictures, Inc., and Universal Film Exchanges, Inc.

Richard L. Brickley, and Brickley, Sears & Cole, Boston, Mass., for defendants, Stanley-Warner Corp., Massachusetts Amusement Corp., Stanley-Warner Circuit Management Corp., and Warner Bros.

SWEENEY, Chief Judge.

This proceeding arises out of a motion picture anti-trust action, the complaint of which charges a conspiracy to deny first run pictures to the plaintiff. Counts 6 and 7 of the complaint further allege that the settlement of a prior similar action against all but two of these defendants (Twentieth Century-Fox Film Corporation and Republic Pictures Corporation) and the general release given by the plaintiff were obtained by fraud and duress. The court had granted a motion of the defendants to try counts 6 and 7 separately and prior to the substantive counts of the complaint, and it is this proceeding which is in issue now. The matter to be decided is the defendants' motion, presented at the close of the plaintiff's evidence, for a directed verdict pursuant to Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

All parties concede that the settlement negotiations were completed on June 5, 1952 with the payment to the plaintiff of $100,000, the execution of a general release by him, and the subsequent filing of a dismissal with prejudice. The plaintiff now alleges in substance the following.

Mr. Abe Montague, the general sales manager of Columbia Pictures Corporation (hereinafter referred to as Columbia) in New York, and a friend of Mr. Campopiano, the president and principal shareholder of the plaintiff corporation, initially telephoned Campopiano on March 12, 1952 and suggested discussing a possible settlement of the then pending case. There followed a number of conferences between Montague, and Campopiano during which it was finally agreed that the settlement should consist of a guaranteed supply of A pictures and the payment of $100,000. A meeting was arranged on May 23 with two of Columbia's lawyers who also agreed that the plaintiff was to have an adequate supply of first run A pictures without competitive bidding and that this agreement was to be reduced to writing. A delay was necessary to collect the money and draft the requisite papers and on June 2, 1952 Campopiano was again told to return the following day to close the matter. On June 3, Campopiano allegedly signed a general release, a memorandum of guaranties for pictures, and a notice of dismissal with prejudice and was told to return the following day to receive the checks which were not yet ready. When Campopiano came back to collect he was told that it was inadvisable to execute the memorandum of guar-

anties and that instead the plaintiff was to get oral assurances from all the defendants and as a token of their good faith a notice of dismissal without prejudice was to be filed. On June 5, Campopiano alleges, he signed a notice of dismissal without prejudice and initialled a memorandum incorporating the oral assurances. He was given checks totalling $100,000 and an unsealed envelope supposedly containing copies of these settlement papers which in fact, however, contained a copy of the notice of dismissal with prejudice and no copy of the "oral memorandum". Campopiano, without first inspecting its contents, deposited the envelope in a safe deposit box at the Irving Trust Company in New York where it remained until November 1954.

The alleged fraud consists of the substituting of these papers and the failure to comply with the agreement to supply A pictures without bidding and, indeed, having had no intention of complying with these promises at the time they were made.

The only evidence adduced on the first point was Campopiano's testimony and some self-serving documents prepared by him. In view of the fact that the general release which Campopiano admittedly executed, would bar a subsequent action in any event and since his statements at the trial were markedly different from his statements on depositions in a number of very crucial respects, I cannot and do not give this evidence very much weight.

On the second allegation of fraud the evidence indicates that the promise made was a promise to permit the plaintiff to compete on an equal basis with other exhibitors in Lawrence. Plaintiff's exhibit 11, a letter from Columbia's counsel to all defendants reads in part: "You are reminded of the oral assurances given Mr. Campopiano by representatives of each of the defendant distributors that the Capitol Theatre in Lawrence, Mass., will be afforded an equal opportunity to license pictures for first run exhibition." Mr. Campopiano himself never interpreted the promise to be anything other than an assurance of equal opportunities to compete, as he indicated by his letter to RKO Radio Pictures Corporation (hereinafter referred to as RKO) dated June 14, 1952, defendants' exhibit I: "At a conference we held on June 4th at your office in New York you requested I write you a written request for the opportunity of bidding on your pictures for first run in the city of Lawrence, Mass. I hereby now make this request in writing with this letter. * * *" Campopiano wrote similar letters to Columbia, defendants' exhibit C, and the two Warner Brothers corporations, defendants' exhibit U, requesting "the opportunity of bidding for pictures." The plaintiff has presented no evidence to show that he was not given the opportunity of competing as promised.

■■ The burden of proof is on the plaintiff to show by clear and convincing evidence that the alleged promises were made with the present intention of not keeping them and that they were not kept. Woods v. Barnes, D.C., 84 F.Supp. 155, 158. This burden the plaintiff has not sustained. The plaintiff has also failed to meet his burden of proof on the issue of the switching of the settlement papers.

The plaintiff introduced no evidence to support the allegations of count 7, that it or its agents were subjected to duress during the settlement negotiations.

■ Accordingly and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure counts 6 and 7 of the amended complaint are dismissed with prejudice. Since the plaintiff has not established its right to cancel the release, that instrument is valid and constitutes a bar to all claims prior to the date thereof, June 5, 1952 in favor of the parties named therein. Counts 1 through 5 are therefore dismissed with respect to all claims which accrued prior to June 5, 1952 against all defendants except T.C.F. Film Corporation, Twentieth Century-Fox Film Corporation and Republic Pictures Corporation. The remainder of the complaint shall stand.